## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHNNY A. RODRIGUEZ, JR.,** | * | |
| *Plaintiff,* | * | |
| | * | |
| **v.** | * | **5:26-cv-02327** |
| | * | |
| **CITY OF BALCONES HEIGHTS, TEXAS;** | * | |
| **JACK BURTON**, in his official and individual | * | |
| capacities as Mayor Pro Tem; **JIMMY** | * | |
| **HERNANDEZ**, in his official and individual | * | |
| capacities as City Councilmember, Place 3; | * | |
| **DAVID SELLERS**, in his official and individual | * | |
| capacities as City Councilmember, Place 2; | * | |
| **TRACY EBERSOLE**, in his official and | * | |
| individual capacities as City Councilmember, | * | |
| Place 4; **MOLLY WEAVER**, in her official and | * | |
| individual capacities as City Councilmember, | * | |
| Place 5; **MARIA HERNANDEZ, i**n her official | * | |
| and individual capacities as City Administrator; | * | |
| **CYNTHIA TREVINO**, in her official and | * | |
| individual capacities as City Attorney; **ROGER** | * | |
| **CAVAZOS**, in his official and individual | * | |
| capacities as Chief of Police; and **ROBERT** | * | |
| **NELMS**, in his official and individual capacities | * | |
| as Assistant Chief of Police, | * | |
| *Defendants.* | * | |

---

### CITY DEFENDANTS' ORIGINAL ANSWER IN RESPONSE TO PLAINTIFF'S ORIGINAL COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983 – FIRST AMENDMENT RETALIATION AND PRIOR RESTRAINT, FOURTEENTH AMENDMENT DUE PROCESS, AND RELATED CLAIMS

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, **CITY OF BALCONES HEIGHTS, TEXAS**; **JACK BURTON**, in his official and individual capacities as Mayor Pro Tem; **JIMMY HERNANDEZ**, in his official and individual capacities as City Councilmember, Place 3; **DAVID SELLERS**, in his official and individual capacities as City Councilmember, Place 2; **TRACY EBERSOLE**, in his official and individual capacities as City Councilmember, Place 4; **MOLLY WEAVER**, in her

official and individual capacities as City Councilmember, Place 5; **MARIA HERNANDEZ**, **in** her official and individual capacities as City Administrator; **CYNTHIA TREVINO**, in her official and individual capacities as City Attorney; and **ROBERT NELMS**, in his official and individual capacities as Assistant Chief of Police (hereinafter, collectively "City Defendants"),  and files this their Answer to Plaintiff's, **JOHNNY A. RODRIGUEZ, JR.**, (hereinafter, "Rodriguez" or "Mayor" or "Plaintiff"), Original Complaint (hereinafter, "Complaint"), and will respectfully show the court as follows:

**I.**
**ANSWER TO INTRODUCTION PARAGRAPH**

1.      In response to the introduction section directly above paragraph 1 of the Complaint, City Defendants admit Plaintiff is the elected Mayor-CEO of the City of Balcones Heights. City Defendants deny the remaining facts of Plaintiff's introduction section.

**II.**
**ANSWER TO SECTION I OF THE COMPLAINT –**
**JURISDICTION AND VENUE**

2.      No Rule 8 response is required for paragraphs 1-4 of the Complaint.

**III.**
**ANSWER TO SECTION II OF THE COMPLAINT –**
**PARTIES**

3.      City Defendants admit to the averments in paragraph 5 of the Complaint as to the designation of Plaintiff as the Mayor-CEO of the City of Balcones Heights, Texas, that the Plaintiff was the only candidate on the May 2, 2026 ballot for Mayor of Balcones Heights, that Plaintiff does not receive any monetary compensation for his role as mayor, and generally admit that the Texas Legislature vests mayors of Type A General Law Municipalities with certain duties. However, City Defendants deny the remaining averments in paragraph 5 of the Complaint.

4.      City Defendants admit to the averments in paragraph 6 of the Complaint.

5. No Rule 8 response is required to paragraphs 7–13 of the Complaint.[1]

6. No Rule 8 response is required to paragraph 14 of the Complaint.[2] City Defendants deny the remaining factual averments in paragraph 14 of the Complaint. City Defendants' counsel does not represent Chief Roger Cavazos in this lawsuit.

7. No Rule 8 response is required to paragraph 15 of the Complaint.[3] City Defendants deny the remaining factual averments in paragraph 15 of the Complaint.

8. No Rule 8 response is required to paragraph 16 of the Complaint, as the averment therein is a legal conclusion.

**IV.**
**ANSWER TO SECTION III OF THE COMPLAINT –**
**FACTUAL BACKGROUND**

9. In response to paragraph 17 of the Complaint, City Defendants deny that the City of Balcones Heights has approximately 3,296 residents and admit the remaining factual assertions in paragraph 17.

10. No Rule 8 response is required to paragraph 18 of the Complaint, as the averments therein are statements of law and legal conclusions. To the extent that an admission or denial is required, City Defendants deny any factual assertions in paragraph 18.

11. City Defendants lack knowledge or information sufficient to form a belief about the truth of the factual allegations asserted in paragraph 19 of the Complaint. To the extent that admission or denial is required, City Defendants deny.

---

[1] There is no reference to serving Mr. Burton, Mr. Hernandez, Mr. Sellars, Mr. Ebersole, Ms. Weaver, Ms. Hernandez, or Ms. Trevino in their individual capacities, and service is not limited to the single address listed in paragraphs 7-13 of the Complaint (City Hall of Balcones Heights).

[2] There is no reference to serving Chief Cavazos in his individual capacity, and service is not limited to the single address listed in paragraph 14 of the Complaint (City Hall of Balcones Heights).

[3] There is no reference to serving Assistant Chief of Police Nelms in his individual capacity, and service is not limited to the single address listed in paragraph 15 of the Complaint (City Hall of Balcones Heights).

12.     In response to paragraph 20 of the Complaint, City Defendants admit Chief Cavazos has a five-year employment contract—the contract speaks for itself. City Defendants deny all other factual averments.

13.     City Defendants admit the averment in paragraph 21 of the Complaint as to Chief Cavazos seeking to purchase a Records Management and Computer-Aided Dispatch (RMS/CAD) system. City Defendants cannot admit or deny the remaining averments in paragraph 21 of the Complaint as Counsel for City Defendants does not represent Chief Cavazos. To the extent that admission or denial is required, City Defendants deny.

14.     In response to paragraph 22 of the Complaint, City Defendants admit that four police ticket-writing equipment units were reported missing. City Defendants deny the remaining factual averments made in paragraph 22 of the Complaint.

15.     In responses to paragraph 23 of the Complaint, City Defendants admit a directive was given to investigate the missing police ticket-writing equipment, but deny the remaining factual assertions made in paragraph 23.

16.     In response to paragraph 24 of the Complaint, City Defendants admit Plaintiff's citation to Resolution No. 2026-08R is accurate but deny that Plaintiff included the entire language as written in Resolution 2026-08R.[4] Resolution 2026-08R speaks for itself. City Defendants deny the remaining factual averments in paragraph 24 of the Complaint.

17.     In response to paragraph 25 of the Complaint, City Defendants admit that Roger Enriguez currently serves as Chair of the City of Balcones Heights Economic Development Corporation (EDC). City Defendants deny the remaining factual averments in paragraph 25 of the Complaint.

---

[4] "WHEREAS, on or about March 2, 2026, the City Administrator was made aware of certain concerns, complaints and allegations from City Employees against the Mayor *regarding the Mayor's conduct with City personnel*." (emphasis added).

18.	In response to paragraph 26 of the Complaint, City Defendants admit Defendant Maria Hernandez received a written directive from Plaintiff on or about March 4, 2026 and deny the remaining factual averments made in paragraph 26.

19.	In response to paragraph 27 of the Complaint, City Defendants admit a Special Meeting occurred on March 9, 2026. The agenda for the March 9 Special Meeting speaks for itself. City Defendants deny the remaining factual averments in paragraph 27 of the Complaint.

20.	City Defendants deny the factual averments in paragraph 28 of the Complaint.

21.	In response to paragraph 29 of the Complaint, City Defendants admit Defendant Maria Hernandez was permitted to remain in the executive session during the Special Meeting called March 9, 2026.  City Defendants deny the remaining factual averments in paragraph 29 of the Complaint.

22.	In response to paragraph 30 of the Complaint, City Defendants admit Councilmember Hernandez moved to approve a document and Councilmember Sellars seconded the motion during the March 9 Special Session. City Defendants affirmatively deny Resolution 2026-07 was discussed during the March 9 session. City Defendants deny the remaining factual averments in paragraph 30 of the Complaint.

23.	In response to paragraph 31 of the Complaint, City Defendants admit Defendant Cynthia Trevino sent correspondence to Plaintiff on March 10, 2026, regarding the document passed during the March 9 meeting. City Defendants deny the remaining factual averments in paragraph 31 of the Complaint.

24.	In response to paragraph 32 of the Complaint, City Defendants admit Plaintiff accurately recited Exhibit A to Ordinance 2026-09. Ordinance 2026-09 speaks for itself.  No Rule 8 response is required to the last sentence of paragraph 32 as the averment therein is a legal conclusion;

however, to the extent an admission or denial is required, City Defendants deny the remaining averments in paragraph 32 of the Complaint.

25.	City Defendants deny the factual averments in paragraph 33 of the Complaint. No Rule 8 response is required to those portions of paragraph 33 that contain legal conclusions, and to the extent an admission or denial is required by City Defendants, City Defendants deny.

26.	In response to paragraph 34 of the Complaint, City Defendants admit Plaintiff's access card to secure areas of the building was temporarily deactivated. City Defendants deny the remaining averments in paragraph 34 of the Complaint.

27.	City Defendants Deny the averments in paragraph 35 of the Complaint.

28.	In response to paragraph 36 of the Complaint, City Defendants admit Plaintiff had a meeting on March 12, 2026, and that the meeting was held in a non-secured area of City Hall. City Defendants deny the remaining factual averments in paragraph 36 of the Complaint.

29.	In response to paragraph 37 of the Complaint, City Defendants admit Plaintiff had a meeting on March 12, 2026, and that the meeting was held in a non-secured area of City Hall. City Defendants deny the remaining factual averments in paragraph 37 of the Complaint.

30.	City Defendants cannot admit or deny the averments in paragraph 38 of the Complaint, as the averments therein are legal conclusions. To the extent that an admission or denial is required, City Defendants must deny.

31.	City Defendants admit the averment in paragraph 39 of the Complaint as to the Plaintiff entering City Hall on March 23, 2026, for the regular City Council Meeting. City Defendants deny the remaining factual averments in paragraph 39 of the Complaint.

32. In response to paragraph 40 of the Complaint, City Defendants admit Defendants Hernandez and Trevino transmitted the document passed by the City Council on March 9 and deny the remaining factual averments in paragraph 40.

33. City Defendants cannot admit or deny the averments in paragraph 41 of the Complaint as they are the beliefs of the Plaintiff and counsel for City Defendants do not represent Chief Cavazos. To the extent that an admission or denial is required, City Defendants must deny.

34. No Rule 8 response is required to portions of paragraph 42 of the Complaint to the extent averments are legal conclusions. City Defendants admit the averments in paragraph 42 of the Complaint as to Plaintiff signing a proclamation on March 23, 2026, Regular Council Meeting and that Resolution No. 2026-08R was signed by the Mayor Pro Tem, Jack Burton. City Defendants deny the remaining factual averments in paragraph 42 of the Complaint.

35. In response to paragraph 43 of the Complaint, City Defendants admit Plaintiff attempted to call a Special Meeting and deny the remaining factual averments in paragraph 43 of the Complaint.

36. In response to paragraph 44 of the Complaint, City Defendants admit Ordinance No. 2026-11 was passed at the March 23 Regular City Council Meeting and deny the remaining factual averments in paragraph 44 of the Complaint.

37. No Rule 8 response is required to paragraph 45 of the Complaint. To the extent factual averments are present, City Defendants deny.

38. City Defendants deny the averments in paragraph 46 of the Complaint.

39. City Defendants admit the averments in paragraph 47 of the Complaint as to the voting on the contracts of Chief Cavazos, Maria Hernandez and Joey Bravo. City Defendants deny the remaining factual averments in paragraph 47 of the Complaint.

40. City Defendants assert that paragraph 48 of the Complaint requires no Rule 8 response as such paragraph lists the Plaintiff's alleged damages and his personal thoughts/feelings behind the resolutions that make the basis of this suit.

**IV.**
**ANSWER TO SECTION IV OF THE COMPLAINT –**
**LEGAL FRAMEWORK**

41. No response under Rule 8 is required to paragraphs 49-52 of the Complaint, as the averments therein consist solely of statements of law and legal conclusions.

**V.**
**ANSWER TO SECTION V OF THE COMPLAINT –**
**CAUSES OF ACTION**

**ANSWER TO SUBSECTION COUNT I: 42 U.S.C. § 1983**
**FIRST AMENDMENT RETALIATION**
**(AGAINST ALL DEFENDANTS)**

42. No response under Rule 8 is required to paragraph 53 of the Complaint. City Defendants reassert their responses to Paragraphs 1-52 to Plaintiff's Complaint as stated above.

43. No response under Rule 8 is required to paragraph 54 of the Complaint, as the averments therein consist solely of statements of law. To the extent an admission or denial is required, City Defendants deny.

44. No response under Rule 8 is required to paragraph 55, including subsections (a)–(d), of the Complaint, as the averments therein are legal conclusions. To the extent an admission or denial is required, City Defendants deny.

45. No response under Rule 8 is required to paragraph 56, including subsections (a)–(f), of the Complaint, as the averments therein are legal conclusions. To the extent an admission or denial is required, City Defendants deny.

a. City Defendants admit that Defendants Burton, Jimmy Hernandz, Sellars, Ebersole, and Weaver voted for Ordinance No. 2026-09, but deny Ordinance No. 2026-09 directly contravenes Texas Local Government Code § 22.042, and all other averments contained in paragraph 56(a).

b. City Defendants admit Plaintiff's access card was temporarily deactivated but deny Defendant Maria Hernandez and Cavazos deactivated Plaintiff's parking access code. City Defendants deny that Defendant Maria Hernandez directed Defendant Cavazos and Defendant Nelms to expel Plaintiff from the March 12, 2026, WOTA meeting under threat of arrest, and all other averments contained in paragraph 56(b).

c. City Defendants admit that Defendants Trevino and Maria Hernandez transmitted the document passed by City Council during the March 9 meeting to city employees. City Defendants deny Ordinance No. 2026-09 is void *ab initio*, and deny all other averments set forth in paragraph 56(c).

d. City Defendants affirmatively deny Plaintiff's allegation that Defendant Cavazos and Defendant Nelms threatened to arrest Plaintiff on March 12, 2026. City Defendants deny Ordinance No. 2026-09 was a defective, illegal ordinance, deny that the ordinance violates Plaintiff's constitutional rights, and deny all other averments set forth in paragraph 56(d).

e. City Defendants admit that Defendant Burton signed Resolution No. 2026-08R but deny Resolution No. 2026-08R was signed at the March 23 meeting, and deny all other averments set forth in paragraph 56(e).

f. City Defendants admit that Defendants Burton, Jimmy Hernandz, and Sellars voted for Ordinance No. 2026-11 at the March 23 meeting and admit Defendants Ebersole and

Weaver voted against Ordinance No. 2026-11. City Defendants deny the remaining averments set forth in paragraph 56(f).

46. No Rule 8 response is required to paragraph 57 of the Complaint. City Defendants lack sufficient knowledge to form a belief about the truth of the averments in paragraph 57 as Plaintiff is the only one with personal knowledge of specific beliefs. To the extent an admission or denial is required of City Defendants, City Defendants deny.

47. No response under Rule 8 is required to paragraphs 58-60 of the Complaint, as the averments therein are legal conclusions. To the extent an admission or denial is required, City Defendants deny.

48. No response under Rule 8 is required to paragraph 61 of the Complaint, as the averments therein are legal conclusions.

**ANSWER TO SUBSECTION COUNT II: 42 U.S.C. § 1983**
**FIRST AMENDMENT PRIOR RESTRAINT**
**(AGAINST ALL DEFENDANTS)**

49. No response under Rule 8 is required to paragraph 62 of the Complaint. City Defendants reassert their responses to Paragraphs 1-62 to Plaintiff's Complaint as stated above.

50. No response under Rule 8 is required to paragraphs 63-67 of the Complaint, as the averments therein are statements of law and legal conclusions. To the extent an admission or denial is required, City Defendants deny.

51. In response to paragraph 68 of the Complaint, City Defendants admit Defendants Burton, Jimmy Hernandez, Sellars, Ebersole, and Weaver all voted to enact Ordinance No. 2026-09, and admit at the March 23 meeting, Burton, Jimmy Hernandez, and Sellars voted to enact Ordinance No. 2026-11 and Ebersole and Weaver voted against it. City Defendants deny the remaining averments set forth in paragraph 68.

52.     No response under Rule 8 is required to paragraph 69 of the Complaint, as the averments therein are legal conclusions. To the extent an admission or denial is required, City Defendants deny.

### ANSWER TO SUBSECTION COUNT III: 42 U.S.C. § 1983 FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS (AGAINST ALL DEFENDANTS)

53.     No response under Rule 8 is required to paragraph 70 of the Complaint. City Defendants reassert their responses to Paragraphs 1-69 to Plaintiff's Complaint as stated above.

54.     No response under Rule 8 is required to paragraphs 71-74 of the Complaint, as the averments therein are statements of law and legal conclusions. To the extent an admission or denial is required regarding factual averments, City Defendants deny.

55.     City Defendants deny the averments in paragraph 75 of the Complaint.

56.     No response under Rule 8 is required to paragraph 76 of the Complaint, as the averments therein contain legal conclusions and questions of law. To the extent an admission or denial is required, City Defendants deny that Plaintiff is entitled to damages.

### ANSWER TO SUBSECTION COUNT IV: 42 U.S.C. § 1983 FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS / DE FACTO REMOVAL (AGAINST ALL DEFENDANTS)

57.     No response under Rule 8 is required to paragraph 77 of the Complaint. City Defendants reassert their responses to Paragraphs 1-76 to Plaintiff's Complaint as stated above.

58.     No response under Rule 8 is required to paragraph 78 of the Complaint, as the averments therein are statements of law.

59.     No response under Rule 8 is required to paragraph 79 of the Complaint, as the averments therein are statements of law and legal conclusions. To the extent an admission or denial is

required, to the best of City Defendants' knowledge, quo warranto proceedings have not been invoked, and deny the remaining averments.

60.     In response to paragraph 80 of the Complaint, City Defendants admit Plaintiff retains his title as Mayor-CEO and deny the remaining assertions in paragraph 80 of the Complaint.

61.     No response under Rule 8 is required to paragraphs 81-83 of the Complaint, as the averments therein are legal conclusions.

**ANSWER TO SUBSECTION COUNT V: SUPPLEMENTAL STATE LAW
TEXAS OPEN MEETINGS ACT
(AGAINST THE CITY/COUNCILMEMBER AND CITY ATTORNEY DEFENDANTS
IN OFFICIAL CAPACITIES)**

62.     No response under Rule 8 is required to paragraph 84 of the Complaint as the averment therein is a legal conclusion. To the extent an admission or denial is required, City Defendants deny. City Defendants reassert their responses to Paragraphs 1-83 to Plaintiff's Complaint as stated above.

63.     No response under Rule 8 is required to paragraph 85 of the Complaint, as the averments therein are statements of law.

64.     No Rule 8 response is required to paragraph 86, including subsections (a) – (d), of the Complaint, as the averments therein are legal conclusions. City Defendants admit the assertions made in paragraph 86 of the Complaint.

65.     No response under Rule 8 is required to paragraph 87 of the Complaint, including subsection (a) – (f), as the averments therein are legal conclusions and questions of law. To the extent an admission or denial is required, City Defendants deny that Plaintiff is entitled to Declaratory Relief and deny Plaintiff is entitled to attorney's fees under Texas Civil Practice & Remedies Code § 37.009.

**ANSWER TO SUBSECTION COUNT VI: SUPPLEMENTAL STATE LAW
ULTRA VIRES / TEXAS DUE COURSE OF LAW
(AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES)**

66. No response under Rule 8 is required to paragraph 88 of the Complaint as the averment therein is a legal conclusion. To the extent an admission or denial is required, City Defendants deny. City Defendants reassert their responses to Paragraphs 1-87 to Plaintiff's Complaint as stated above.

67. No response under Rule 8 is required to paragraphs 89-91 of the Complaint, including any subsection, as the averments therein are statements of law and legal conclusions. To the extent admission or denial is required, City Defendants deny.

68. No response under Rule 8 is required to paragraph 92 of the Complaint as the averments therein are legal conclusions and questions of law. To the extent admission or denial is required, City Defendants deny that Plaintiff is entitled to any prospective injunctive relief and deny Plaintiff is entitled to attorney's fees.

**VI.
ANSWER TO SECTION VI OF THE COMPLAINT –
DAMAGES**

69. No Rule 8 response is required to paragraphs 93-95 of the Complaint, as the averments therein are legal conclusions and legal questions. To the extent an admission or denial is required, City Defendants deny Plaintiff is entitled to damages

**VII.
ANSWER TO SECTION VII OF THE COMPLAINT –
CONDITIONS PRECEDENT**

70. No Rule 8 response is required to paragraph 96 of the Complaint as the averments therein consist of statements of law. To the extent an admission or denial is required, City Defendants deny.

**VIII.**
**ANSWER TO SECTION VIII OF THE COMPLAINT –**
**NOTICE AGAINST SPOLIATION**

71.     No response under Rule 8 is required to paragraph 97 of the Complaint.

**IX.**
**ANSWER TO SECTION IX OF THE COMPLAINT –**
**PRAYER FOR RELIEF**

72.     No response under Rule 8 is required to paragraph 98 of the Complaint.

**X.**
**CITY DEFENDANTS' DEFENSES**

73.     City Defendants assert Plaintiff has not properly established claims for violations of his constitutional rights under 42 U.S.C. § 1983, including First Amendment claims of retaliation and prior restraint.

74.     City Defendants assert Plaintiff has failed to establish proper *Monell*-related claims under 42 U.S.C. § 1983.

75.     City Defendants assert Plaintiff has failed to identify a legitimate protected liberty or property interest and, therefore, Plaintiff has not properly established a claim of procedural due process deprivation under the Fourteenth Amendment to the U.S. Constitution.

76.     City Defendants assert Plaintiff has failed to properly establish a claim of substantive due process.

77.     City Defendants assert the ordinances and resolution at issue are not void, do not operate as a de facto removal of Plaintiff from the Office of Mayor, and do not violate Plaintiff's constitutional rights.

78.     City Defendants assert the Ordinances are valid, presumed valid under the law, and were enacted by legislative officials with legitimate legal authority.

79. City Defendants assert Plaintiff is not entitled to specific notices but, nonetheless, the City Council corrected irregularities at a subsequent meeting, mooting Plaintiff's TOMA and related claims.

80. City Defendants assert Plaintiff does not have First Amendment rights regarding his interactions with, and discipline of, staff or the temporary procedures enacted in the Ordinances. City Defendants assert Plaintiff does not have a constitutional right to manage grants or avoid criticisms.

81. City Defendants assert Plaintiff does not have a constitutional right to his preferred version of due process under HR policies against hostile work environment.

82. City Defendants assert that to ensure a full and fair third-party investigation into the allegations of the Mayor's unprofessionalism and/or creation of a hostile work environment, City Council adopted the ordinances at issue, to protect the integrity of the temporary investigation, shield City staff and personnel from the Mayor's influence, and protect the Mayor from any potential additional complaints pending the outcome of the third-party investigation.

83. City Defendants assert that the ordinances at issue do not prevent the Mayor from performing his statutory duties under Texas Local Government Code § 22.042, as the ordinances lay out the Mayor's statutory duties and apply specific, temporary procedures for carrying out those duties. Plaintiff is not prohibited from performing his statutory duties; he just does not like the procedures adopted by the Council during the pendency of the HR investigation.

84. City Defendants assert the individual officials who are not council members are entitled to qualified immunity and legislative immunity.

85. City Defendants assert that, at a minimum, the individual council members named in their individual capacities are absolutely immune from suit and are protected by legislative immunity.

86.	City Defendants assert in enacting the Ordinances, City Council did not violate the Texas Open Meetings Act, nor did they violate the Mayor's Due Process rights.

87.	City Defendants affirmatively assert that the city attorney cannot commit a constitutional violation by advising the body on taking legislative actions, and Defendant Trevino is entitled to legislative immunity or quasi-legislative immunity.

88.	City Defendants assert to the extent the court feels the alleged actions of Burton, Hernandez, Ebersole, Weaver, and Sellers were not legislative, then the individuals are still entitled to qualified immunity as well as official immunity. The immunity also applies to Maria Hernandez and Cynthia Trevino.

89.	City Defendants assert that Defendant Maria Hernandez is entitled to derivative legislative immunity, as she was assisting the City Council members in passing the legislation.

90.	City Defendants assert that Plaintiff is not entitled to attorney's fees pursuant to 42 U.S.C. § 1988.

91.	City Defendants assert Plaintiff is not entitled to injunctive or declaratory relief.

92.	City Defendants assert Plaintiff is not entitled to compensatory damages, nominal damages, or punitive damages against individual Defendants in their personal capacities.

93.	City Defendants assert that Texas Local Government Code Section 22.042(a) requires a mayor to perform "[t]he duties and exercise the powers prescribed by the governing body of the municipality."


## **PRAYER**

WHEREFORE, premises considered, City Defendants pray that this court deny Plaintiff's request for relief, including his request for costs and attorney's fees, and dismiss Plaintiff's claims

against the City Defendants with prejudice. City Defendants pray for such further and other relief, in law or in equity, to which City Defendants may show themselves justly entitled.

Signed this 11th day of May, 2026.

Respectfully Submitted,

THE LAW OFFICES OF RYAN HENRY, PLLC
1019 Central Parkway N., Suite 108
San Antonio, Texas 78232
Tele: 210-257-6357
Fax: 210-569-6494
Ryan.Henry@RSHlawfirm.com
Kristen.Adams@RSHlawfirm.com

_____
**RYAN S. HENRY**
State Bar No. 24007347
**KRISTEN D. ADAMS**
State Bar No. 24116001

***Attorneys for City Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served in accordance with the Federal Rules of Civil Procedures to the person(s) listed below and in the manner(s) listed below on this the 11th day of May, 2026.

Brandon Grable
**GRABLE PLLC**
12451 Starcrest Drive, Suite 206
San Antonio, Texas 78216

*Attorney for Plaintiff,*
*Mayor Johnny Rodriguez*

*Sent Via Email: brandon@grable.law*
*& Sent Via E-File Notification*

Charles Frigerio
**Law Offices of Charles S. Frigerio**
111 Soledad, Ste 465
San Antonio, Texas 78205

*Attorney for Defendant,*
*Roger Cavazos*

*Sent Via Email: csf@frigeriolawfirm.com*
*& Sent Via E-File Notification*

RYAN S. HENRY
KRISTEN D. ADAMS