IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNY A RODRIGUEZ JR, | § | |
| | § | |
| *Plaintiff,* | § | SA-26-CV-02327-OLG |
| | § | |
| vs. | § | |
| | § | |
| CITY OF BALCONES HEIGHTS, TEXAS, JACK BURTON, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS MAYOR PRO TEM; JIMMY HERNANDEZ, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS CITY COUNCILMEMBER, PLACE 3; DAVID SELLARS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS CITY COUNCILMEMBER, PLACE 2; TRACY EBERSOLE, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS CITY COUNCILMEMBER, PLACE 4; MOLLY WEAVER, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES AS CITY COUNCILMEMBER, PLACE 5; MARIA HERNANDEZ, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES AS CITY ADMINISTRATOR; CYNTHIA TREVINO, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES AS CITY ATTORNEY; ROGER CAVAZOS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS CHIEF OF POLICE; AND ROBERT NELMS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES AS ASSISTANT CHIEF OF POLICE; | § § § § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

## ORDER SETTING INITIAL PRETRIAL CONFERENCE

Before the Court is the above-styled and numbered cause of action, which was referred to the

undersigned on April 10, 2026, for all pretrial proceedings [#6]. The record reflects that Defendants

filed an Original Answer on May 11, 2026. The Court will therefore set this case for its standard initial pretrial conference and direct the parties to confer in accordance with Rule 26. At the conference, the Court will enter a Scheduling Order in this case.

Prior to the Initial Pretrial Conference, all parties should familiarize themselves with the Local Rules of this Court (https://www.txwd.uscourts.gov/court-information/lcr-introduction/). In addition, the specific requirements for each district judge can be found on the Court's website (https://www.txwd.uscourts.gov/judges-information/judges-directory-biographies/). Each District Judge's Standing Order(s) and/or Court Fact Sheet can be accessed by clicking on their respective name and then clicking on "Standing Orders." Failure to comply with the Local Rules and/or the District Judge's standing orders or Court Fact Sheet will result in the consequences outlined in the orders and fact sheets and could result in the imposition of sanctions.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this case is set for an **Initial Pretrial Conference** at **1:30 p.m. Central Time on July 2, 2026**. Counsel for all parties are **required to appear by Zoom** for the conference. The information to join the conference is as follows:

Join ZoomGov Meeting:  https://txwd-uscourts.zoomgov.com/j/16126729723

Meeting ID: 161 2672 9723

If there are questions regarding the Zoom appearance, the parties should contact Judge Chestney's Courtroom Deputy by emailing txwdml_chambers_sa_judgechestney@txwd.uscourts.gov.

Because earlier hearings in other cases may be in progress at the time attorneys log-in for their scheduled hearing, attorneys may be required to wait in the Zoom "waiting room" until the Courtroom Deputy addresses them. Parties should review the July 15, 2020 Standing Order

Regarding Telephone or Video Teleconference Hearings, which is available upon request from the Courtroom Deputy and on the Court's website.

**IT IS FURTHER ORDERED** that the parties confer in the manner required by Rule 26 of the Federal Rules of Civil Procedure; further, pursuant to Local Rule CV-16 the parties should submit their Joint Discovery/Case Management Plan in a form that substantially conforms with Appendix N of the Local Rules and that answers the following questions no later than **June 25, 2026**.

1.  Are there any outstanding jurisdictional issues?
    a.  For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.
    b.  For cases based on diversity jurisdiction, have all parties filed a disclosure statement as required by Rule 7.1(a)(2) naming and identifying the citizenship of every individual or entity whose citizenship is attributed to each party? If not, disclose that information here. This means LLCs and LPs must disclose the names of their members/partners and the citizenship of each member/partner.
2.  Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?
3.  What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?
4.  Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?
5.  State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).
6.  What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?
7.  What, if any, discovery disputes exist?
8.  Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?
9.  Have the parties discussed mediation?

During their conference, the parties should also address whether a protective order is required, and whether the protective order in Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) of this Court's Local Rules is appropriate.  The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that the parties submit a **proposed scheduling order** pursuant to Local Rule CV-16(c), no later than **June 25, 2026**. The Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the unique circumstances of this case at the Initial Pretrial Conference.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. The parties asserting claims for relief shall submit a written offer of settlement to opposing parties by _____, and each opposing party shall respond, in writing, by _____.

2. The parties shall file all motions to amend or supplement pleadings or to join additional parties by _____.

3. All parties asserting claims for relief shall FILE their designation of testifying experts and SERVE on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by _____. Parties resisting claims for relief shall FILE their designation of testifying experts and SERVE on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) by _____. All designations of rebuttal experts shall be FILED, and the materials required by Fed. R. Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be SERVED, within 14 days of receipt of the report of the opposing expert.

4. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within (14) days of receipt of the written report of the expert's proposed testimony, or within (14) days of the expert's deposition, if a deposition is taken, whichever is later.

5. The parties shall complete all discovery on or before _____. Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court

except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

6. All dispositive motions shall be filed no later than _____. The timing and page limitations for briefing on any motion shall be governed by the relevant provisions in Local Rule CV-7.

7. The parties shall mediate this case on or before _____, and file a report in accordance with Local Rule CV-88 after the mediation is completed.

**IT IS SO ORDERED.**

SIGNED this 20th day of May, 2026.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE